UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERTH ANTONIO MONTANO MATAMOROS (A-244-738-470),[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-8044 DC CSK<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Petitioner Wilberth Antonio Montano Matamoros (A-244-738-470), a native and citizen of Nicaragua who is proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Nicaragua. (ECF No. 5 at 8.) On October 1, 2024,

---

[1] Petitioner's name is also listed as Montano Matamoros Wilberth Antonio. (See ECF No. 1.) Because the Notice to Appear identifies petitioner's name as Wilberth Antonio Montano Matamoros, that is used here. (See ECF No. 5 at 8.) This Court will direct the Clerk of the Court to amend court records to reflect petitioner's name as listed in the Notice to Appear.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

petitioner applied for admission to the United States at the Nogales, Arizona Point of Entry. (Id.) Petitioner was paroled into the United States pursuant to Immigration and Nationality Act ("INA") section 212(d)(5), 8 U.S.C. § 1182(d)(5). (Id.) On October 1, 2024, petitioner was issued Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3] (Id.) The Notice to Appear states petitioner is an arriving alien, and also states that petitioner was paroled into the United States pursuant to INA section 212(d)(5). (Id.) On August 30, 2026, petitioner was arrested by immigration officers who were attempting to locate someone other than petitioner. (Id. at 5.) Petitioner was arrested and placed into the custody of U.S. Immigration and Customs Enforcement ("ICE"). (Id.) Petitioner has no criminal history. (Id. at 6.)

## II. PROCEDURAL BACKGROUND

On September 30, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On October 9, 2026, respondent timely filed an answer to the petition. (ECF No. 5.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

On October 2, 2026, this Court granted petitioner ten days to pay the filing fee or file a motion to proceed in forma pauperis. (ECF No. 4.) Ten days passed and petitioner did not pay the filing fee or file an application to proceed in forma pauperis. See Docket. However, attached to the petition is a form titled "Release of Funds Authorization." (ECF No. 1 at 10.) In this form, petitioner requests that this court be sent the filing fee for this action. (Id.) This Court will continue to monitor the docket for receipt of the filing fee.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

---

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following: (1) the Fifth Amendment due process clause; (2) the INA; (3) irreparable harm; and (4) financial obligations. (ECF No. 1 at 6-7.) Respondent does not argue that petitioner is a flight risk or a danger to the community, but instead argues that petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) because petitioner was an applicant for admission who entered the United States at the border. (ECF No. 5 at 1-2.) Respondent does not contend that petitioner has a criminal history. (See ECF No. 5.) Respondent recognizes that petitioner's circumstances place him in the category of cases in which the Court typically orders immediate release on due process grounds. (Id. at 2.)

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that

§ 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at 4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondent's argument that petitioner is subject to mandatory detention under § 1225(b)(2) fails and the Court recommends granting the petition on statutory grounds and ordering petitioner's immediate release.

## V. PETITIONER'S OTHER CLAIMS FOR RELIEF

Because the Court recommends granting the petition on the statutory claim (claim two), the Court need not address any additional claims raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim two.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted

as to petitioner's statutory claim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to amend court records to reflect petitioner's name as Wilberth Antonio Montano Matamoros.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release petitioner Wilberth Antonio Montano Matamoros (A-244-738-470), also known as Montano Matamoros Wilberth Antonio, and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondent has custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondent be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Wilb8044.157.imm.RELEASE/2