UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBERTH ANTONIO MONTANO MATAMOROS (A-244-738-470),[1]

Petitioner,

v.

WARDEN, CALIFORNIA DETENTION CENTER,

Respondent.

No. 1:26-cv-08044-DC-CSK (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 6)

Petitioner, an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 6.) On October 27, 2026, Respondent objected "to the findings and recommendations for the reasons stated in the[] Answer." (Doc. Nos. 7, 8.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

[1] Petitioner's name is also listed as Montano Matamoros Wilberth Antonio. (*See* Doc. No. 1.)

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole, and where that noncitizen is not being re-detained pursuant to a final order of removal, the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See, e.g.*, *Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *see also Cuenca-Pucha v. Andrews*, No. 1:26-cv-08113-DC-JDP, 2026 WL 3059492 (E.D. Cal. Oct. 13, 2026) (clarifying that noncitizens paroled at the border retain a right to challenge a subsequent re-detention by immigration authorities on due process grounds, granting the motion for temporary restraining order and petition for a writ of habeas corpus, and ordering the petitioner's immediate release). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and will adopt the recommendation that the petition be granted and Petitioner ordered released. The court will decline to adopt the remaining findings because the undersigned finds that the reasoning in *Cuenca-Pucha* is more appropriate on the facts of this case. Thus, for the reasons set forth in *Cuenca-Pucha*, the undersigned will grant the petition on due process grounds (Count One).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 20, 2026 (Doc. No. 6), are ADOPTED IN PART;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Petitioner Wilberth Antonio Montano Matamoros (A-244-738-470) shall

be released immediately from Respondent's custody with the same conditions he was subject to immediately prior to his detention in August 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 29, 2026**

Dena Coggins
United States District Judge